# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HEE JIN LOWERY and ) <br> JOHN LOWERY, Individually, and as ) <br> Assignees of Shou & Shou, Inc., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMGUARD INSURANCE COMPANY, ) <br> ) <br> ) <br> Defendant. ) | Case No.: 1:20-cv-05148-TWT <br><br> JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

COME NOW Plaintiffs Hee Jin Lowery and John Lowery, individually and as assignees of Shou & Shou, Inc., by and through their undersigned counsel, and with the written consent of Defendant[1], file this amended complaint for equitable relief and damages, as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs are residents and citizens of the State of Georgia.

2.

Defendant AmGuard Insurance Company is a foreign corporation licensed to do

---

[1] Written Consent of Defendant is being filed contemporaneously.

business in Georgia.  It may be served with a copy of this complaint and summons upon its registered agent:  CT Corporation System, 289 Culver St., Lawrenceville, GA 30046-4805, and when so served, this Defendant will be subject to the jurisdiction of this Court.

3.

Complete diversity exists between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Thus, this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

4.

Venue is proper in the Atlanta Division of the Northern District of Georgia pursuant to 28 U.S.C. § 1391.

5.

As Judgment Creditors of Shou & Shou, Inc., Plaintiffs in their individual capacities have standing to sue Defendant directly where they allege that Shou & Shou, Inc. was covered under a policy of liability insurance issued by Defendant which was in full force and effect at all times material, and Defendant wrongfully denied coverage.  Further, Shou & Shou, Inc. has assigned to Plaintiffs its interest in all claims and causes of action it had against Defendant.  Thus, Plaintiffs are entitled to pursue all claims of Shou & Shou, Inc. against Defendant as assignees of Shou & Shou, Inc.

# FACTS GIVING RISE TO CLAIMS

6.

At all times material, Shou & Shou, Inc. ("Shou & Shou") owned and operated a restaurant under the tradename "Noodle" at 3693 Main Street, College Park, Ga.

7.

Beginning in 2014 or earlier, Shou & Shou, purchased from Defendant successive policies of liability insurance covering its operations and the premises located at 3693 Main Street, College Park, Ga. which were renewed annually under the same terms.

8.

Specifically, Shou & Shou purchased liability policies insuring its restaurant located at 3693 Main Street, College Park, Ga., for the periods of September 21, 2014 – September 21, 2015 (Policy No. NOBP506733); September 21, 2015- September 21, 2016 (Policy No. NOBP610038); and September 21, 2016- September 21, 2017 (Policy No. NOBP749206). The last policy (Policy No. NOBP749206) was in effect at the time of Plaintiffs' injuries. A true and accurate copy of said policy is attached to Defendants' Answer and Counterclaim and is incorporated herein by reference. (Doc. 11-1)

9.

Each of the policies was issued in the name of "Noodle, Inc." and listed 3693 Main Street, College Park, Ga 30337 as "LOCATION: 001 BUILDING: 001". However, "Noodle, Inc." is a fictitious entity and does not exist according to the Georgia Secretary of State. Rather, "Noodle" is merely a trade name of Shou & Shou, Inc.

10.

At all times material, "Noodle, Inc." was not a real corporate entity and had no insurable interest in the restaurant located at 3693 Main Street, College Park, Ga.

11.

All bills for premiums for the aforementioned policies were sent by Defendant to "Noodle Inc." at 3693 Main Street, College Park, Ga. 30337. True and accurate copies of billing statements are attached as Exhibit "B" to Plaintiffs' original complaint and are incorporated herein by reference. (Doc. 4-2)

12.

At all times material, Shou & Shou was under the mistaken belief that it, as owner and operator of the Noodle Restaurant, was insured by AmGuard under the above referenced policies.

13.

Shou & Shou paid all premiums for the insurance policies issued by Defendant by way of check written from Shou & Shou, Inc. Operating Account showing address 3693 Main Street, College Park, Ga. 30337. True and accurate copies of canceled checks are attached to Plaintiffs' original complaint as Exhibit "C" and are incorporated herein by reference. (Doc. 4-3)

14.

Until November 2019, Defendant AmGuard treated Shou & Shou as an insured in all respects under the policies it issued in the name Noodle, Inc., a reference to Shou & Shou's tradename, Noodle.

15.

In 2016, claimant Eled M. Addus filed a lawsuit in the State Court of Fulton County seeking damages for injuries sustained at the Noodle restaurant located at 3693 Main Street, College Park.

16.

Believing itself to be an insured under the applicable AmGuard policy at that time, Shou & Shou tendered the *Addus* lawsuit to AmGuard for a defense and indemnity.

17.

Believing Shou & Shou to be an insured, AmGuard provided a defense and

coverage to Shou & Shou in the *Addus* case under the policy issued to Noodle, Inc. for the period September 21, 2014 – September 21, 2015 (Policy No. OBP506733).

18.

After receiving notice from the *Addus* suit that "Noodle Inc." was a fictitious name and that the true owner and operator of the restaurant at 3693 Main Street, College Park, Ga., was in fact Shou & Shou, Defendant failed to reform the policy to reflect the true intentions of the parties, did not cancel the policy, and did not cease accepting premiums from Shou & Shou.

19.

In 2018, claimant Zuri Zahara Love filed a lawsuit in the State Court of DeKalb County against Shou & Shou seeking damages for injuries sustained at the Noodle restaurant located at 3693 Main Street, College Park.

20.

Believing itself to be an insured under the applicable AmGuard policy at that time, Shou & Shou tendered the *Zahara Love* lawsuit to AmGuard for a defense and indemnity.

21.

Believing Shou & Shou to be an insured, Defendant provided a defense and coverage to Shou & Shou under the policy in effect from September 21, 2016-

September 21, 2017 (Policy No. NOBP749206) This is the same policy that was in effect at the time of Plaintiff Hee Jin Lowery's injuries.

22.

After receiving notice from the *Zahara Love* suit that "Noodle Inc." was a fictitious name and that the true owner and operator of the restaurant at 3693 Main Street, College Park, Ga., was in fact Shou & Shou, Inc., Defendant failed to reform the policy to reflect the true intentions of the parties, did not cancel the policy, and did not cease in accepting premiums from Shou & Shou.

23.

In both the *Addus* and *Zahara Love* claims, Defendant treated Shou & Shou, Inc. as an insured under the policies it issued to Noodle, Inc., a fictitious non-existent entity with no insurable interest and the trade name of Shou and Shou.

24.

Prior to the issuance of Policy No. NOBP749206, Defendant was aware that Shou & Shou was the owner and operator of the Noodle restaurant at 3693 Main Street, College Park, Ga., was aware that it had paid all premiums for the issued liability policies, knew that the listed named insured "Noodle Inc." was not an actual corporation but merely a trade name of Shou & Shou, Inc. and treated Shou & Shou, Inc. as its insured for a period of years.

25.

Despite such knowledge, AmGuard mistakenly issued Policy No. NOBP749206 in the name of "Noodle, Inc." instead of the name "Shou & Shou, Inc."

26.

On or about July 17, 2019, Plaintiffs filed a Complaint against Shou & Shou, Inc. and others in the State Court of DeKalb County, Civil Action No. 19A75644 ("the lawsuit") alleging that Shou & Shou was the owner and operator of a restaurant named Noodle located at 3693 Main Street, College Park, Georgia. In the underlying action, Plaintiffs sought damages for injuries sustained by Hee Jin Lowery on July 26, 2017 when a container of hot seafood soup spilled onto lap causing severe burns and permanent scarring to her thighs, groin, and surrounding areas.

27.

After being served with the *Lowery* lawsuit, Shou & Shou, believing it was an insured under policy No. NOBP749206, tendered the lawsuit to Defendant and requested that it provide a defense and indemnity for any judgment that may be rendered in the action.

28.

By certified mail dated November 4, 2019, Defendant, through its third-

party administrator, informed Shou & Shou. that AmGuard Insurance Company would not provide a defense or coverage for Shou & Shou because "Shou and Shou Inc. is not a named insured, an additional insured, or otherwise qualify as an insured under the policy." A true and accurate copy of said denial is attached to Plaintiffs' original complaint as Exhibit "D" and is incorporated by herein by reference. (Doc. 4-4)

29.

The sole ground for denial of coverage to Shou & Shou, Inc. by AmGuard for the Lowery claim is that it was not a named insured, additional insured, or otherwise qualify as an insured under the referenced policy. Therefore, Defendant has waived any other defense to coverage and is estopped from denying coverage on other grounds.

30.

After being denied coverage, Shou & Shou was forced to defend itself through its own counsel and was left exposed to liability for a judgment against it if it were to lose the lawsuit brought by Plaintiffs.

31.

On or about June 24, 2020, Shou & Shou entered into a settlement agreement with Plaintiffs whereby Shou & Shou, Inc. agreed to a consent judgment in favor of Plaintiffs and assigned to Plaintiffs all claims it had against

AmGuard Insurance for refusing to provide insurance coverage for the claims brought in the lawsuit.

32.

On or about July 7, 2020, a consent judgment was entered by the Court in the lawsuit in the amount of $900,000 in favor of Plaintiff Hee Jin Lowery against Shou & Shou, Inc. and in favor of Plaintiff John Lowery in the amount of $100,000 against Shou & Shou, Inc. A true and accurate copy of the filed consent judgment is attached to Plaintiffs' original complaint as Exhibit "E" and incorporated herein by reference. (Doc. 4-5)

## COUNT I: EQUITABLE REFORMATION

33.

Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

34.

At all times material to Plaintiffs' amended complaint, it was the true intention of the parties that AmGuard insure Shou & Shou, Inc. and list it as an insured on its policy No. NOBP749206.

35.

Due to a mutual mistake of the parties at the time of issuance of the insurance contract, AmGuard issued its policy No. NOBP749206 in the name of

"Noodle, Inc." instead of "Shou & Shou, Inc." or otherwise failed to list Shou & Shou as an insured.

36.

At all times material to Plaintiffs' amended complaint until the denial of coverage, both Shou & Shou and AmGuard labored under the misconception that Shou & Shou was in fact the insured and that "Noodle, Inc." was merely its trade name.

37.

Defendant can offer no reasonable explanation for why it would insure a non-existent, fictitious entity with no insurable interest in the operation or premises of the Noodle restaurant in College Park owned and operated by Shou & Shou.

38.

Pursuant to O.C.G.A. §§ 23-2-21; 23-2-25; 23-2-30; 23-2-31and other provisions of Georgia law, Plaintiffs, as assignees of Shou & Shou, Inc., are entitled to equitable reformation of the AmGuard Policy No. NOBP749206 to express the true intention of the parties.

39.

Defendant will not be prejudiced by reformation of the insurance contract but will receive a windfall in the form of unearned premiums if it is not reformed.

40.

Upon reformation of the contract pursuant to Georgia law, Plaintiffs are entitled to recover for breach of contract the total sum of $1 million plus post judgment interest and attorney's fees and expenses incurred by Shou & Shou in defending itself in the underlying action in the amount of $21,542.95.

**COUNT II: BREACH OF CONTRACT**

41.

Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

42.

Upon reformation of the referenced insurance policy, Shou & Shou, Inc. is an insured under the policy from the date of its inception.

43.

As judgment creditors and assignees of Shou & Shou, Plaintiffs have standing to enforce the terms of the referenced insurance contract.

44.

On or about September 14, 2016, AmGuard Insurance issued an insurance policy (No. NOBP749206) constituting a contract of insurance with Shou & Shou, Inc. for the policy period September 21, 2016 to September 21, 2017. The policy

provides commercial general liability coverage to "insureds" subject to a $1,000,000 limit of liability per occurrence.

45.

The referenced insurance policy issued by AmGuard provides that AmGuard will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" that was caused by an "occurrence" during the policy period and that AmGuard has a duty to defend the insured against any suit seeking covered damages.

46.

The lawsuit filed by Hee Jin Lowery and John Lowery against Shou & Shou, Inc. sought damages because of "bodily injury" that was caused by an "occurrence" as defined by the policy and arose during the policy period.

47.

Shou & Shou, Inc. gave timely notice of the lawsuit and requested that AmGuard provide a defense and coverage for the claims asserted therein.

48.

Shou & Shou otherwise complied with all conditions precedent to coverage, or alternatively, AmGuard waived conditions precedent to coverage.

49.

Defendant breached its contract with Shou & Shou, Inc. by refusing to

provide a defense or indemnity for the claims in the lawsuit filed by Plaintiffs against Shou & Shou, Inc.

50.

As a result of Defendant's breach, Plaintiff Hee Jin Lowery has incurred damages in the amount of $900,000.00 plus interest at the legal rate under Georgia law from the date of entry of the consent judgment.

51.

As a result of Defendant's breach, Plaintiff John Lowery has incurred damages in the amount of $100,000.00 plus interest at the legal rate under Georgia law from the date of entry of the consent judgment.

52.

As a result of Defendant's breach, Shou & Shou, Inc. incurred attorney's fees and litigation expenses in the amount of $21,542.95 defending the lawsuit filed by Hee Jin and John Lowery.

53.

As assignees of Shou & Shou, Inc., Plaintiffs are entitled to recover the sum of $21,542.95.

## COUNT III: BAD FAITH

54.

Plaintiffs incorporate by reference the allegations contained in the foregoing

paragraphs as if fully set forth herein.

55.

Plaintiffs have made demand for payment of the sum of $1 million dollars for the losses they sustained which are covered losses under the policy. Defendant has refused to make payment, and more the sixty days have passed since demand was made.

56.

Defendant's conduct in denying a defense and indemnity for Shou & Shou with knowledge that Shou & Shou was an insured under the policy but for a mutual mistake of the parties, with knowledge that "Noodle, Inc." is a non-existent fictitious entity with no insurable interest and the tradename of Shou & Shou, with knowledge that it had previously treated Shou & Shou as an insured under policy No. NOBP749206 and previous policies, with knowledge that Shou & Shou was the sole owner and operator of the Noodle restaurant located at 3693 College Park, Ga., and with knowledge that Shou & Shou paid all of the premiums, is sufficient to establish bad faith to warrant the imposition of a penalty and all reasonable attorney's fees incurred by plaintiffs in prosecuting this action pursuant to O.C.G.A. §§ 33-4-6.

57.

AmGuard's unilateral decision to deny a defense and coverage outright

instead of defending under a reservation of rights and pursuing declaratory judgment is further evidence of bad faith on the part of Defendant.

58.

Upon a finding of bad faith by the jury, Plaintiffs are entitled to recover, in addition to the loss, a penalty of not more than 50%, or $500,000.00, plus all reasonable attorney's fees in accordance with O.C.G.A. §§ 33-4-6.

WHEREFORE, Plaintiffs pray as follows:

(a) That this Court exercise its equitable powers and reform the insurance policy to reflect the parties' actual intent making Shou & Shou, Inc. an insured under policy No. NOBP749206 effective September 21, 2016;

(b) That Plaintiff Hee Jin Lowery recover the sum of $900,000 plus post-judgment interest at the legal rate for breach of contract;

(c) That Plaintiff John Lowery recover the sum of $100,000.00 plus post-judgment interest at the legal rate for breach of contract;

(d) That Plaintiffs recover the sum of $21,542.95 representing attorney's fees and expenses incurred by Shou & Shou in defending the *Lowery* lawsuit.

(e) That Plaintiffs recover a penalty of not more than $500,000.00 and their reasonable attorney's fees incurred prosecuting this action pursuant to O.C.G.A. § 33-4-6;

(f) That Plaintiffs have a trial by jury;

(g) That costs be assessed against Defendant, and

(h) That Plaintiffs recover such other and further relief as this Court deems just and proper.

This 20th day of April 2021.

                                  David P. Dekle, P.C.

                                  /s/ *David P. Dekle*
                                  David P. Dekle
                                  Georgia Bar No. 216590

3604-Wheeler Rd., Suite E
Augusta, GA  30909
(706) 922-7460
ddekle@daviddeklelaw.com

                                  Andrew W. Holliday, P.C.

                                  /s/ *Andrew Holliday*
                                  Andrew Holliday
                                  Georgia Bar No. 362472

11175 Cicero Drive
Suite 100
Alpharetta, GA  30022
(678) 646-6771
andrew@hollidayfirm.com

                                  Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

This certifies the foregoing Plaintiffs' Motion for Leave to File Amended Complaint was filed with the Clerk of Court and served upon opposing counsel of record by the Court's electronic filing system ("ECF") as follows:

Lawrence Lee Washburn, IV
Kyle P. Barrett
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3348 Peachtree Road NE
Suite 1400
Atlanta, GA  30326
lee.washburn@wilsonelser.com
kyle.barrett@wilsonelser.com

This 20th day of April 2021.

                                                */s/ David P. Dekle*
                                                David P. Dekle