UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEE JIN LOWERY and JOHN LOWERY, Individually, and as Assignees of Shou & Shou, Inc., <br><br>Plaintiffs, <br><br>vs. <br><br>AMGUARD INSURANCE COMPANY, <br><br>Defendant. | CIVIL ACTION FILE <br>NO. 1:20-cv-05148-TWT |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant AmGuard Insurance Company ("AmGuard" or "Defendant"), by and through undersigned counsel, and files its Statement of Undisputed Material Facts as to which there is no issue to be tried in support of its Motion for Summary Judgment pursuant to Local Rule 56.1(B)(1).

1.

The Shou family, consisting of siblings Lena Shou, Lenny Shou, and Lilly Shou (collectively referred to herein as the "Shous") own and control Shou & Shou, Inc. ("Shou & Shou"), Noodle Life, Inc. ("Noodle Life") and various other businesses incorporated and/or organized under the laws of the State of Georgia

271174193v.3

(collectively, the "Shou Entities"). (Underlying Georgia Court of Appeals Opinion[1] (the "COA Opinion"), p. 2; Deposition of Tim Smith ("Smith Depo."), pp. 96:26, 97:1-7).[2]

2.

In 2013, insurance agency Ash Welborn Insurance ("Ash Welborn") assisted in procuring business owners insurance policies in connection with restaurants located at 903A W Peachtree St, Atlanta, Georgia 30309 (the "Midtown Restaurant"), and 3693 Main Street, College Park, Georgia 30337 (the "College Park Restaurant"). (Proposal of Insurance for Policy No. NOBP404703[3] (the "13-14 Proposal"), pp. 1, 5, 9; Policy No. NOBP404703[4] (the "13-14 Policy"), pp. 1-5).

3.

Shou & Shou operates the College Park Restaurant, (Amended Complaint ¶ 6 [Doc. 25, p. 3]; COA Opinion, p. 2).

4.

Noodle Life owns and operates the Midtown Restaurant, which is also known

---

[1] Attached to Defendant's Brief in Support of its Motion for Summary Judgment ("MSJ Brief") as **Exhibit 1**.
[2] Cited excerpts of the Smith Depo. are attached to Defendant's MSJ Brief as **Exhibit 2**.
[3] Attached to Defendant's MSJ Brief as **Exhibit 3**.
[4] Attached to Defendant's MSJ Brief as **Exhibit 4**.

as "Noodle". (COA Opinion, p. 2).

5.

Lena is the member of the Shou family responsible for securing insurance for the Shou Entities (Smith Depo., p. 71:11-16).

6.

The Shous retained Ash Welborn as their insurance broker to procure insurance for the restaurants. (Smith Depo., pp. 14:23-25, 15:1-6, 16:5-25, 17:1-3).

7.

Ash Welborn is an independent agent or broker and not an AmGuard captive agent. (Smith Depo., p. 12:7-9).

8.

The Shous provided Ash Welborn with the information required to apply for insurance with AmGuard, including the names of the entity seeking insurance coverage, which was identified as "Noodle Inc". (Smith Depo.,16:22-25, 17:1-25, 18:1-25, 19:1-25; 30:10-25, 31:1-9).

9.

Based upon the information submitted by Ash Welborn, which incorrectly identified only a single business entity known as "Noodle Inc", AmGuard issued several "businessowners" insurance policies to "Noodle Inc" effective over the

period of September 2013 through September 2017. (Amended Complaint ¶¶ 7-8 [Doc. 25, p. 3]; Defendant's Answer to Amended Complaint at ¶ 7 [Doc. 27, p. 5]; (Smith Depo., pp. 30:10-25, 31:1-9); 13-14 Policy, pp. 1-2; Policy No. NOBP506733[5] (the "14-15 Policy"), pp. 1-2; Policy No. NOBP610038[6] (the "15-16 Policy"), pp. 1-2; Policy No. NOBP749206 (the "16-17 Policy") [Doc. 27-1, pp. 2-5]; AmGuard's Second Supplemental Responses to Plaintiffs' Requests for the Production of Documents with attached 13-14 Policy application information[7]).

10.

AmGuard issued the 13-14 Policy to "Noodle Inc", which afforded "businessowners" coverage for the period of September 21, 2013 to September 21, 2014. The 13-14 Policy does not identify Shou & Shou as an insured. (13-14 Policy, pp. 1-5).

11.

The Shous did not ask Ash Welborn any questions or express concerns to Ash Welborn regarding the "named insured" on the 13-14 Policy's Declarations page

---

[5] Attached to Defendant's MSJ Brief as **Exhibit 5**.
[6] Attached to Defendant's MSJ Brief as **Exhibit 6**.
[7] Attached to Defendant's MSJ Brief as **Exhibit 7**.

271174193v.3

being listed as "Noodle Inc" or that Shou & Shou was not listed on Declarations page. (Smith Depo., pp. 51:13-25, 52:1-20).

12.

AmGuard issued the 14-15 Policy to "Noodle Inc", which afforded "businessowners" coverage for the period of September 21, 2014 to September 21, 2015. The 14-15 Policy does not identify Shou & Shou as an insured. (14-15 Policy, pp. 1-2).

13.

Ash Welborn does not recall the Shous requesting any changes to the 14-15 Policy. (Smith Depo., pp. 61:3-25, 62:1-12).

14.

AmGuard issued the 15-16 Policy to "Noodle Inc", which afforded "businessowners" coverage for the period of September 21, 2015 to September 21, 2016. The 15-16 Policy does not identify Shou & Shou as an insured. (15-16 Policy, pp. 1-2).

15.

Ash Welborn does not recall the Shous requesting any changes to the 15-16 Policy. (Smith Depo., pp. 82:13-24, 84:5-25, 85:1-12).

16.

AmGuard issued the 16-17 Policy to "Noodle Inc", which afforded "businessowners" coverage for the period of September 21, 2016 to September 21, 2017. The 16-17 Policy does not identify Shou & Shou as an insured. [Doc. 27-1, pp. 2-5]).

17.

Ash Welborn does not recall the Shous requesting any changes to the 16-17 Policy. (Smith Depo., pp. 89:15-25, 90:1-25, 91:1-18).

18.

On or about July 26, 2017, Plaintiff Hee Jin Lowery ("Gina") purchased soup from the College Park Restaurant. Plaintiffs alleged the soup spilled through its packaging and onto Gina, who suffered severe burns. (Amended Complaint ¶ 26 [Doc. 25, p. 8]).

19.

On July 19, 2019, Plaintiffs filed suit against Noodle Life and Shou & Shou in the State Court of DeKalb County, Georgia in civil action no. 19A75644, styled as *Hee Jin Lowery & John Lowery v. Shou & Shou, Inc. and Noodle Life, Inc.* (the "Underlying Lawsuit") seeking recovery for personal injuries as a result of Gina's injuries. Shou & Shou subsequently tendered the Underlying Lawsuit to AmGuard

for defense and indemnity. (Amended Complaint ¶ 27 [Doc. 25, p. 8]).

20.

On November 4, 2019, AmGuard denied coverage to Shou & Shou for the Underlying Lawsuit on the basis it was not and never had been an insured under the Policy. (Amended Complaint ¶ 28 [Doc. 25, pp. 8-9]; [Doc. 4-4]).

21.

On or about June 24, 2020, Shou & Shou assigned its rights under the 16-17 Policy to Plaintiffs in exchange for a consent judgment and agreement that Plaintiffs not seek recovery against Shou & Shou. (Amended Complaint ¶¶ 31-32 [Doc. 25, pp. 9-10]; Assignment And Covenant Not To Seek Compensation Directly From Shou & Shou, Inc[8]).

22.

On or about July 7, 2020, the State Court of DeKalb County entered a consent judgment in the Underlying Lawsuit in the amount of $900,000 in favor of Plaintiff Hee Jin Lowery against Shou & Shou and in favor of Plaintiff John Lowery in the amount of $100,000 against Shou & Shou (Amended Complaint ¶ 32; [Doc. 4-5]).

---

[8] Attached to Defendant's MSJ Brief as **Exhibit 8**.

23.

On February 18, 2021, the State Court of DeKalb County granted Noodle Life's motion for summary judgment in the Underlying Lawsuit (the "State Court Summary Judgment Order"), holding that Plaintiffs had no legal claim against Noodle Life because Noodle Life and Shou & Shou are not joint ventures or alter egos. (State Court Summary Judgment Order [Doc. 27-4, pp. 1-4]).

24.

The State Court Summary Judgment Order found that Shou & Shou owns and operates the College Park Restaurant; Noodle Life owns and operates the Midtown Restaurant; that the companies retain separate bank accounts at separate banking institutions; and that the payroll for the employees at each restaurant is done separately. The state court held that the common ownership of Shou & Shou and Noodle Life does not make them joint ventures or alter egos where the finances and assets of the companies were kept separate and there was no evidence of mutual control. [Doc. 27-4, pp. 1-4].

25.

On February 15, 2022, the Court of Appeals of Georgia, First Division, affirmed the trial court's court judgment granting summary judgment to Noodle Life in the Underlying Lawsuit. (COA Opinion, pp. 1-13).

Respectfully submitted this 1st day of June, 2022.

                                                    **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

                                                    */s/ Lawrence Lee Washburn IV*
                                                    Lawrence Lee Washburn IV
                                                    Georgia Bar No. 562374

3348 Peachtree Road NE           Kyle P. Barrett
Suite 1400                               Georgia Bar No. 874795
Atlanta, Georgia 30326
Telephone:  (470) 419-6650       *Counsel for Defendant AmGuard*
Facsimile:  (470) 419-6651        *Insurance Company*
lee.washburn@wilsonelser.com
kyle.barrett@wilsonelser.com

271174193v.3

## CERTIFICATE OF COMPLIANCE WITH TYPE REQUIREMENTS

The undersigned hereby certifies that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1(c). This filing has been prepared using size 14 Times New Roman font.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
Kyle P. Barrett
Georgia Bar No. 874795

*Counsel for Defendant AmGuard Insurance Company*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing **DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court by way of the Court's electronic filing system, which will automatically serve all counsel of record as follows:

David P. Dekle
DAVID P. DEKLE, P.C.
3604 Wheeler Rd., Ste. E
Augusta, GA 30309
ddekle@daviddeklelaw.com

Andrew Holliday
ANDREW W. HOLLIDAY, P.C.
11175 Cicero Drive, Ste. 100
Alpharetta, GA 30022
andrew@hollidayfirm.com

Dated: June 1, 2022

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Lawrence Lee Washburn IV*
Lawrence Lee Washburn IV
Georgia Bar No. 562374
Kyle P. Barrett
Georgia Bar No. 874795

*Counsel for Defendant AmGuard Insurance Company*